852 F.2d 1293
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Arnold W. KRAMER, Petitioner,
v.
DEPARTMENT OF COMMERCE, Respondent.
 No. 87-3589.
 United States Court of Appeals, Federal Circuit.
 June 13, 1988.
 
 Before EDWARD S. SMITH, NIES and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (board), docket No. DC07528710204, affirming the removal of Arnold W. Kramer (Kramer) by the Department of Commerce (agency) for unacceptable performance, is affirmed.
 
 OPINION
 
 2
 Kramer was a patent examiner who was removed for unsatisfactory performance. Kramer argues that the administrative judge (AJ) erred in not permitting all of his witnesses to testify. However, Kramer has not shown that those witnesses who were excluded by the AJ would provide testimony on the issue of Kramer's unsatisfactory performance, which testimony would not duplicate the testimony already before the board. Kramer has not shown an abuse of discretion by the AJ in excluding his witnesses. See Spezzaferro v. Federal Aviation Administration, 807 F.2d 169 (Fed.Cir.1986).
 
 
 3
 As far as the merits of Kramer's removal are concerned, the record contains substantial evidence supporting the charge of unacceptable performance. It reflects that Kramer was warned, both orally and in writing, that his performance was unacceptable, and that he was given substantial opportunity to improve. Kramer does not even argue that the facts do not support the board's finding of unacceptable performance. Rather, he attacks the production goals for the class of art in which he worked as unfair. There is no evidence to support such an allegation. Kramer's supervisors testified that the goals are fair based on the lack of difficulty in Kramer's area. He also testified that Kramer's inability to meet his goal was the result of his inefficiency. This finding is supported by the evidence that almost all of the examiners in Kramer's group met or exceeded their goals. In addition, there is a method of changing the class average for an art, but Kramer never requested such action.
 
 
 4
 We must affirm the board's decision because it is not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, obtained without procedures required by law, rule, or regulation having been followed, or otherwise not in accordance with law. 5 U.S.C. Sec. 7703-(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).